IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 04-cv-2028-PSF-PAC

MARK EVERS,

     Plaintiff,

v.

THE REGENTS OF THE UNIVERSITY OF COLORADO;
GEORGIA LESH-LAURIE in her individual and official capacities;
W. JAMES SMITH in his individual and official capacities, and
JAMES SHORE, M.D., in his official capacity,

     Defendants.

---

## ORDER ON PENDING MOTIONS

---

THIS MATTER is before the Court on the following pending motions filed by

Defendants The Regents of the University of Colorado, Georgia Lesh-Laurie in her

official capacity, W. James Smith in his official capacity and James Shore in his official

capacity (collectively "University"): University's Motion to Dismiss Plaintiff's First,

Second and Third Claims for Relief (Dkt. # 14), filed November 05, 2004; University's

Motion to Dismiss Plaintiff's First, Second and Third Claims for Relief of the Second

Amended Complaint (Dkt. # 44), filed February 18, 2005; and Defendants' Objections to

Magistrate Judge Coan's Order of April 29, 2005 (Dkt. # 65), filed May 12, 2005.

## I.    BACKGROUND AND PROCEDURAL HISTORY

On August 12, 2004, Plaintiff Mark Evers filed this action in Denver District Court.

Defendants removed the case to this Court on September 30, 2004, apparently within

30 days of their being served.  This Court has federal question jurisdiction pursuant to

28 U.S.C. § 1331, as Mr. Evers brings this action under 42 U.S.C. § 1983.  As noted above, on November 5, 2004, the University filed a Motion to Dismiss Plaintiff's First, Second, and Third Claims for Relief.

Mr. Evers filed an amended complaint on January 5, 2005, alleging six causes of action arising from his termination as Managing Director of Extended Studies at the University of Colorado at Denver.  He alleges that Defendant W. James Smith, Dean of the College of Liberal Arts and Sciences, wrongfully terminated him from his position as Managing Director for the Extended Studies Office of the College of Liberal Arts and Sciences on August 12, 2002.  Mr. Evers alleges the wrongful termination occurred because of he provided administrative leave to members of his staff in violation of the Board of Regents' policies, but in accordance with state law, which superseded the Regents' policies.  In response to Mr. Evers' supposed violation of the Regents' policies, Mr. Smith requested an internal investigation into the "falsification of time sheet records" in the time sheets in the Extended Studies Office.  The investigation concluded there was no indication of wrongdoing.  A subsequent investigation, which Mr. Evers alleges to be identical to the first and was instigated at the request of Mr. Smith, was conducted which concluded that there was "fiscal misconduct" on the part of Mr. Evers.  Mr. Smith terminated Mr. Evers from his position based on the finding of the second investigation.  Mr. Evers was not given an opportunity to appeal this determination.

Mr. Evers alleges that his termination by Mr. Smith violated his liberty rights under the Fourteenth Amendment (the First Claim for Relief), violated his right to procedural due process under the Fourteenth Amendment (the Second Claim for Relief) and violated his right to substantive due process under the Fourteenth Amendment (the

Third Claim for Relief).  In addition, he alleges that Mr. Smith (in the Fourth Claim for

Relief) and Ms. Lesh-Laurie (in the Fifth Claim for Relief), in their individual capacities,

deprived him of his Fourteenth Amendment rights.  Finally Mr. Evers alleges a breach of

contract against The Regents of the University of Colorado (the Sixth Claim for Relief).

The University filed a second motion to dismiss on February 5, 2005 addressing the

amended complaint.

## II.   MOTIONS TO DISMISS

### A.   Standard of Review

The Court will dismiss a claim for failure to state a claim upon which relief can be

granted pursuant to F.R.Civ.P. 12(b)(6) only when it appears beyond doubt that the

plaintiff can prove no set of facts in support of the theory of recovery that would entitle

him or her to relief, *see Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Maher v. Durango

Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998), or when an issue of law is

dispositive.  *See Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).  The purpose of

Rule 12(b)(6) motions is to test "the sufficiency of the allegations within the four corners

of the complaint after taking those allegations as true."  *Mobley v. McCormick*, 40 F.3d

337, 340 (10th Cir. 1994).

### B.   November 5, 2004 Motion to Dismiss

The Second Amended Complaint supercedes the original complaint and moots

all issues raised in the November 5, 2004 Motion to Dismiss.  Accordingly, University's

Motion to Dismiss Plaintiff's First, Second, and Third Claims for Relief (Dkt. # 14) is

DENIED as moot.

**C.      February 18, 2005 Motion to Dismiss**

In their February 18, 2005 motion to dismiss, the University again moves to

dismiss the first, second and third claims for relief in the Second Amended Complaint,

contending that as state officials they are entitled to sovereign immunity and cannot be

sued under 42 U.S.C. § 1983.  The individual defendants so move only in their official

capacities, not their individual capacities.  The University argues that it has not waived

its Eleventh Amendment immunity to suit.  Mr. Evers responds that he agrees that the

University cannot be sued for damages, but under the exceptions to the sovereign

immunity doctrine recognized in *Ex parte Young,* 209 U.S. 123 (1908) and its progeny,

it is subject to claims for "prospective" injunctive relief.  Thus, Mr. Evers expressly

acknowledges that he may obtain only prospective injunctive relief against the

University.

Mr. Evers contends that he is seeking an order of reinstatement and this

constitutes "prospective injunctive relief," citing to *Meiners v. University of Kansas*,

359 F.3d 1222 (10th Cir. 2004).  There the Tenth Circuit stated unequivocally that

"[r]einstatement of employment is a form of prospective equitable relief that is within the

doctrine of *Ex parte Young.*"  *Id.* at 1232.  Mr. Evers' first, second and third claims for

relief in the Second Amended Complaint expressly request an order to "reinstate

Plaintiff."  *See* Second Amended Complaint ¶¶ 27, 32 and 37.  The Court accepts

Mr. Evers' averment in the reply brief that he only seeks prospective relief in the first,

second, and third claims for relief.  *See* Plaintiff's Response to Defendants' Second

Motion to Dismiss at 6.  To the extent there are ambiguities in the prayer for relief at the

conclusion of the Second Amended Complaint as to which defendants are allegedly liable for damages and in which capacities, Mr. Evers is bound by his averments on the first three claims. Thus, plaintiff is entitled to seek prospective injunctive relief as pled in these claims under *Ex parte Young*.

Thus, the Court need not reach the University's argument that in consenting to removal, it has not waived their Eleventh Amendment immunity.  The Court notes an express reservation of its defenses in the University's consent to removal filed with the Court on September 30, 2004.  Even assuming, *arguendo*, that the University has not waived its Eleventh Amendment immunity as to damages, Mr. Evers' remedy in seeking reinstatement comes within the prospective relief exception to the *Ex parte Young* prohibition of suits against government officials and does not bar the Court from hearing this case.  No damages claims may go forward as to the first three claims.

The Court also need not address the University's argument that Mr. Evers' position has been eliminated and therefore his request for reinstatement is futile. The University brings its motion before the Court pursuant to F.R.Civ.P. 12(b)(6). The Court's function at this stage is not to ascertain whether or not relief would be futile, but whether the plaintiff has stated a claim for relief can be granted.  The Court, having found that Mr. Evers has stated claims for relief that can be granted, need not address whether or not that relief would be futile.  Accordingly, University's Motion to Dismiss the First, Second and Third Claims for Relief of the Second Amended Complaint (Dkt. # 44) is DENIED as to prospective injunctive relief and GRANTED to the extent damages are asserted pursuant to those claims.

## III.   DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE COAN'S ORDER OF APRIL 29, 2005

During discovery, defendants moved to have Mr. Evers submit to a vocational evaluation.  Mr. Evers opposed that motion.  On April 29, 2005, the Magistrate Judge denied the motion, and defendants now object to the Magistrate Judge's order.

Defendants argue in their objections that Mr. Evers placed his vocational expectations at issue through the report of Patricia Pacey, Ph.D., an expert retained by Mr. Evers who opines that Mr. Evers will not find comparable employment in the future. They contend that because Dr. Pacey's report goes beyond merely calculating a monetary amount of damages but instead opines on Mr. Evers' future employment prospects, it places Mr. Evers' vocational expectations at issue and defendants should have an opportunity to rebut that contention.  Defendants further contend that even if Mr. Evers had not placed his vocational expectations at issue, a vocational expert is qualified to testify as to the ability of Mr. Evers to find employment in the future and is thus a proper rebuttal witness.

Magistrate judges are authorized to hear and determine any pretrial matter referred to them except certain dispositive motions listed therein.  *See* F.R.Civ.P. 72(a), 28 U.S.C. § 636(b)(1)(A).  Review of a magistrate judge's rulings on non-dispositive motions, such as the discovery motions at issue here, is subject to the clearly erroneous or contrary to law standard.  *Id.*; *Clark v. Poulton*, 963 F.2d 1361, 1363 (10th Cir.), *cert. denied*, 506 U.S. 1014 (1992); *Smith v. Colorado Interstate Gas Co.*, 794 F. Supp. 1035, 1040 (D. Colo. 1992).   An order is "clearly erroneous" when the reviewing court, after evaluating the entirety of the evidence, is left with the definite and firm conviction

that a mistake has been made. *See Cook v. Rockwell Int'l Corp.,* 147 F.R.D. 237, 243 (D. Colo. 1993) citing *Hirschfeld v. New Mexico Corrections Dept.*, 916 F.2d 572, 580 (10th Cir. 1990) and *Davidovich v. Welton (In re Davidovich)*, 901 F.2d 1533, 1536 (10th Cir. 1990).

The Magistrate Judge in the Order Denying the Motion to Compel Plaintiff to Submit to Vocational Evaluation determined that Mr. Evers had not placed his vocational aspirations at issue, finding that Mr. Evers had not endorsed a vocational expert to which defendants may present a rebuttal expert. *See* Order of April 29, 2005 at 2. As an additional grounds for denial, the Magistrate Judge found that defendants failed to comply with the local rule requiring motions to be supported by a recitation of legal authority, D.C.COLO.LCivR. 7.1C. *Id.*

While Dr. Pacey's report relies to some extent on presumptions of Mr. Evers' future vocational opportunities, the Court is not convinced that the Magistrate Judge clearly erred in her determination that Mr. Evers' vocational opportunities were not at issue in this case. Additionally, the Court has reviewed Defendants' Joint Motion to Compel Plaintiff to Submit to Vocational Evaluation. In it, defendants failed to state the rule or statute under which they filed the motion, and did not support the motion with legal authority. This is a violation of D.C.COLO.LCivR. 7.1C. The Magistrate Judge's denial of the motion on that ground alone thus has not been established as constituting error. Accordingly, the Court hereby OVERRULES Defendants' Objections to Magistrate Judge Coan's Order of April 29, 2005 (Dkt. # 65).

**IV.      CONCLUSION**

University's Motion for Dismissal on the First, Second and Third Claims for Relief

(Dkt. # 14) is DENIED as moot.  University's Motion for Dismissal on the First, Second

and Third Claims for Relief of the Second Amended Complaint (Dkt. # 44) is DENIED

as to prospective injunctive relief and GRANTED to the extent damages are asserted

pursuant to those claims.  Defendants' Objections to Magistrate Judge Coan's Order of

April 29, 2005 (Dkt. # 65) are OVERRULED.

Dated: July 6, 2005                                          BY THE COURT:

                                                             s/ Phillip S. Figa

                                                             _____
                                                             Phillip S. Figa
                                                             United States District Court Judge