IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   04-cv-02028-PSF-PAC

MARK EVERS,

     Plaintiff,

v.

THE REGENTS OF THE UNIVERSITY OF COLORADO,
GEORGIA LESH-LAURIE; and
W. JAMES SMITH,

     Defendants.

## ORDER ON MOTIONS TO QUASH

Patricia A. Coan, United States Magistrate Judge

This matter comes before the court on a Motion to Quash Subpoena Duces Tecum, which defendants filed concerning the subpoena issued for Marianne Goodland on August 23, 2005 [doc. # 87] and a Motion to Quash Subpoena Duces Tecum, filed by The Rocky Mountain News regarding the subpoena issued for Julie Poppen on August 26, 2005 [doc. # 89].  Plaintiff filed a single response to the motions on September 13, 2005.  Goodland's reply was filed on September 20, and Poppen's reply was filed on September 19, 2005.  Oral argument on this matter is not necessary.

Plaintiff filed a complaint alleging violations of his constitutional rights under 42 U.S.C. § 1983, in connection with an audit of the office over which he presided as managing director of Extended Studies at the College of Liberal Arts and Sciences at the University of Colorado at Denver (UCD).  Plaintiff maintains that the audit caused his termination from employment.

In the course of discovery, plaintiff served a subpoena on Marianne Goodland, employed by UCD as a reporter, who wrote an article entitled "Investigation Targets CLAS Extended Studies" in the University of Colorado's faculty and staff publication "Silver & Gold Record" on August 29, 2002; the article was about the audit of plaintiff's office  Attached as exhibit A to the subpoena is a document that sets forth the scope of information sought from Goodland.[1]  Julie Poppen, a reporter for the Rocky Mountain News who wrote an article  entitled "Audit Leads to Removal of UCD Department Head - Former Director Disputes Evidence of Fiscal Misconduct," which appeared in the News on August 30, 2002, also received a subpoena with the same exhibit A (except that the article, publication and date were different).  Both Goodland and Poppen challenge the subpoenas issued for their testimony.

*Goodland's Motion to Quash*

Goodland (through the defendants) moves to quash the subpoena under FED.R.CIV.P. 45(c)(3)(A)(iii), because it requires disclosure of privileged or other protected matter and no exception or waiver applies.  Goodland argues that under the qualified privilege for reporters based on the First Amendment and discussed in *Silkwood v. Kerr-McGee Corp.*, 563 F.2d 433, 446 (10th Cir. 1977), plaintiff has not made any showing that he is entitled to the information he seeks.

*Poppen's Motion to Quash*

Poppen seeks to quash her subpoena on similar grounds, arguing that the qualified

---

[1] Both exhibits A to the subpoenas issued to Goodland and Poppen are the same except for the mention of the title of the article written, and the publication name and date on which it appeared.  Both are very broad in scope.

reporter's privilege recognized in *Silkwood* applies and that plaintiff cannot refute the privilege because he cannot prove that (1) the information sought is centrally relevant to the underlying action, and (2) that the information is not available from other sources. *See Re/Max International, Inc. v. Century 21 Real Estate Corp.*, 846 F.Supp. 910, 911 ((D. Colo. 1994); *Silkwood*, 563 F.2d at 438.  In addition, Poppen asserts that the Colorado Newsperson's Privilege Statute (C.R.S. § 13-90-119) also bars disclosure of the information sought, and that there are no exceptions to that privilege which can be applied here.  Finally, Poppen advised plaintiff that she had no knowledge of any person who provided the UCD audit.[2]

*Analysis*

I examine the subpoenas seeking information from reporters while considering the paramount public interest relating to the revelation of sources.  The *Silkwood* balancing test requires evaluation of four factors:

(1) Whether the party seeking information has independently attempted to obtain the information elsewhere and has been unsuccessful;

(2) whether the information goes to the heart of the matter;

(3) whether the information is of certain relevance; and

(4) the type of controversy.

*Silkwood*, 563 F.2d at 438.

The *Silkwood* case involved the protection of a confidential source, but the compelled production of a reporter's source materials, which is what plaintiff seeks in this

---

[2]Poppen also states that the UCD audit is a public record subject to disclosure under the Colorado Open Records Act, C.R.S. § 24-72-201, *et seq.*  Poppen's motion to quash at 1.

matter, has been characterized as "equally invidious," *Re/Max*, 846 F.Supp. at 911 (citing *Loadholtz v. Fields*, 389 F.Supp. 1299, 1302-03 (M.D. Fla. 1975), and subject to the same balancing test.

### A. The First Element of the *Silkwood* Balancing Test

The first element requires a consideration of whether the plaintiff has attempted to get the information he seeks from another source and has been unsuccessful. In his response to the motions to quash, plaintiff states that he "has attempted to obtain the information about who provided the report [of the second audit] through other independent means, namely, through discovery." Plaintiff's response at 3. Plaintiff then states that because Ms. Cozzens and unspecified "others" whom plaintiff has deposed did not know who released the report to the press, and because plaintiff is required to prove that the statements were published "to establish his liberty claim under § 1983," *see* Pl. Resp. at 3, he is entitled to learn how the two reporters received their copies of the audit report.

The problem with plaintiff's argument is that he blends issues concerning the publication of the audit with the separate and distinct issue of the identify of the person who allegedly supplied the reporters with their copies of the audit report. Plaintiff wants to know who "leaked" the audit report to the press. Poppen contends that she cannot identify who might have given her a copy of the report, because that is reporter-privileged information. She further argues that the University released the report and the identity of the person who released the report is presumably available from another source- the University. Plaintiff's response that he has tried to get the information through discovery

4

and has not been successful[3] does not satisfy the *Silkwood* requirement that he "independently attempted to obtain information elsewhere and has been unsuccessful." Specifically, plaintiff has not shown that the persons who have already been questioned were persons who would have known the identity of the audit supplier. Accordingly, I conclude that plaintiff has failed to make the requisite showing that he is unable to get the information from other sources, thereby failing to meet the first element of the *Silkwood* balancing test.

### B. Remaining Factors of the *Silkwood* Analysis

Plaintiff also has difficulty establishing the remaining three elements, which can be summed up as the first *Re/Max* element, which is whether the information sought is centrally relevant to the underlying action. *Re/Max*, 846 F.Supp. At 911. Both Goodland and Poppen next challenge their subpoenas on this ground, arguing that the information sought relating to identification of the person who released the report[4] is not relevant to plaintiff's case. I agree with them. Plaintiff does not make any attempt to link the question he seeks to have answered with any element of the claims in his case. The fact that the report was published, which is central to plaintiff's claims, is separate from the irrelevant question of who allegedly "leaked" the report. I therefore conclude that both Goodland and Poppen are entitled to assert their federal common law reporters' privileges, and that the

---

[3] Goodland points out in her reply brief that plaintiff did not depose Michele Ames, identified by the University as the person who had knowledge of the release of the audit report to the public, and that plaintiff never served her a timely 30(b)(6) notice upon her. Goodland's reply brief at 2.

[4] I note that the scope of exhibit A to the subpoenas goes far beyond the question which plaintiff identifies in his response brief as the one to which he seeks an answer from Goodland and Poppen, namely identification of the "person" who released the report to them.

5

subpoenas issued for their materials should be quashed. Because I grant the motions to quash on the above grounds, I need not address the secondary argument of the applicability of the state privilege statute.

*Order*

For the reasons stated, it is

**ORDERED** that the Motion to Quash Subpoena Duces Tecum, filed by defendants concerning the subpoena issued for Marianne Goodland on August 23, 2005 [doc. # 87] and the Motion to Quash Subpoena Duces Tecum, filed by The Rocky Mountain News regarding the subpoena issued for Julie Poppen on August 26, 2005 [doc. # 89] are **GRANTED**. Both subpoenas duces tecum are quashed. It is further

**ORDERED** that the foregoing motions will not be heard at the motions hearing on October 20, 2005.

Dated this 12th day of October, 2005.

BY THE COURT:

s/ Patricia A. Coan
PATRICIA A. COAN
United States Magistrate Judge