IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   04-cv-02028-PSF-PAC

MARK EVERS,

 Plaintiff(s),

v.

THE REGENTS OF THE UNIVERSITY OF COLORADO,
GEORGIA LESH-LAURIE; and
W. JAMES SMITH,

 Defendant(s).

_____

**ORDER Denying Plaintiff's Motion to Strike
Defendants' Rebuttal Expert Patrick Renfro**
_____

Patricia A. Coan, Magistrate Judge

 This is an employment case in which plaintiff claims he was terminated from his

employment with the University of Colorado because of an internal audit charging

plaintiff with wrongdoing.  The case was referred to me October 7, 2004 under 28

U.S.C.  §§636(a) and (b) for pretrial case management.  The final pretrial order was

entered November 3, 2005.  Trial is set for January 30, 2006.

I.

 The matter now before the Court is Plaintiff's Motion to Strike, Doc. # 135.

Plaintiff moves to strike Patrick Renfro, whom defendants endorsed in the final pretrial

order as a may call rebuttal expert to plaintiff's expert's testimony.  *See* Final Pretrial

04-cv-02028-PSF-PAC
November 16, 2005

Order, Appendix B, Defs. Witness List.  As grounds for his motion, plaintiff contends

that Mr. Renfro should be stricken as a witness for defendants because I denied

defendants' motion to compel plaintiff to submit to a Rule 35, Fed. R. Civ.P.

independent vocational examination with Mr. Renfro.  *See* April 29, 2005 Order, Doc.

# 63.  Plaintiff does not cite any authority in support of his position.

Defendants jointly respond to the motion, arguing that: plaintiff's ability to find

employment is a central issue in this case; plaintiff endorsed Patricia Pacey as a

economist to testify about plaintiff's claimed damages; and Mr. Renfro will rebut that

testimony.  In support of their position, defendants point to Dr. Pacey's report, and in

particular, to the assumptions underlying her economic losses analysis.  Defendants

claim further that Mr. Renfro is needed for rebuttal because Dr. Pacey bases part of her

loss evaluation on the harm to plaintiff's reputation.  Defendants maintain that Mr.

Renfro is necessary to rebut "Pacey's conclusions that Plaintiff's job prospects are

limited because of the stigma on Plaintiff's reputation."  Def. Resp. Doc. # 147 at 4-5.

II.

The standard for modifying a final pretrial order is "manifest injustice."  Rule

16(e), Fed. R. Civ.P.   Factors a court is to consider are : (1) prejudice or surprise to

the party opposing trial of the issue; (2) the ability of that party to cure any prejudice;

(3) disruption to the orderly and efficient trial of the case by inclusion of the new

[witness]; and (4) bad faith by the party seeking to modify the order. *Koch v. Koch*

04-cv-02028-PSF-PAC
November 16, 2005

*industries*, 203 F. 3d 1202, 1222-23 (10th Cir. 2000)(internal citations omitted).

III.

I find, first, that plaintiff does not move to strike Mr. Renfro on the ground that his listing as a may call rebuttal expert in the final pretrial order is untimely or because his endorsement, report or other Rule 26(a)(2) information were produced after the defendants' rebuttal expert Rule 26(a)(2) deadline.  Defendants' arguments on this point are therefore irrelevant.  Because the timeliness of Rule 26(a)(2) requirements relating to Mr. Renfro are not at issue, my April 29, 2005 order denying defendants' motion for an extension of time to endorse rebuttal experts is now moot and that portion of the order will be vacated, so that it is clear that defendants are considered to have met the deadline for giving plaintiff's counsel Rule 26(a)(2) information about Mr. Renfro.

Second, defendants claim some sort of error because, on April 29, 2005, I ruled on the plaintiff's alleged motion to strike Renfro as allegedly contained in plaintiff's response to defendants' motion to compel without giving defendants a chance to respond.  Defendants also contend that, in the same April 29, 2005 Order, I *sua sponte* struck Renfro as a witness.  This claim is not supported in the record and both claims are without merit.

Defense counsel should become familiar with the local rules of this Court which may help her understand that the Court is not under any obligation to consider a

04-cv-02028-PSF-PAC
November 16, 2005

response to a motion before ruling.  Indeed, under D.C. Colo. L.Civ.R. 7.1.C., a judicial

officer may rule on a motion *at any time* after it is filed.

Next, there is nothing in my April 29, 2005 Order *sua sponte* or otherwise

striking Mr.  Renfro as a witness; instead, as that  Order clearly states, defendants'

motion to compel a Rule 35 examination with Mr. Renfro was denied, as was

defendants' motion to extend the rebuttal expert disclosure deadline concerning

Renfro.  *See* April 29, 2005 Order.

Third, defense counsel also has misrepresented the contents of Dr. Pacey's

report.  I do not find all the statements and assumptions that defendants claim are in

the Pacey report, nor do I find any "conclusions" in the report that "plaintiff's job

prospects are limited because of the stigma on plaintiff's reputation."  Defs. Resp., Doc.

# 147 at 5.   There is, however, one reference to plaintiff's reporting to Dr. Pacey that

the public information about his alleged "fiscal misconduct" has made it "difficult to

pursue comparable opportunities in his field of education and training," *see id.*, Ex. E,

Pacey report, Doc # 147-6 at 2, and another reference to plaintiff's "seek[ing] more

appropriate full time employment."  *Id.* at 3.  Dr. Pacey also makes some brief

references to other employment when she states that her loss evaluation is based upon

plaintiff continuing "as an instructor" at the University of Denver, "while seeking

alternative employment opportunities" , *id.* at 9, or is based on plaintiff's annual

earnings, pre-termination position,  "comparable employment opportunities," *id.*, or

4

04-cv-02028-PSF-PAC
November 16, 2005

"alternative employment opportunities." *Id.* at 10.  Dr.  Pacey's lost benefits

calculations appear to be partially based on the plaintiff's "anticipated attainment of a

new position, " or post-termination "opportunities for employment."  *See id.* at 11.

These statements are not the opinions or conclusions defense counsel would like to

see in the report.   Dr. Pacey does not state anywhere that "plaintiff's job prospects"

have been or will be "limited because of the stigma on his reputation."  Notwithstanding,

Dr. Pacey does make some references to other employment opportunities with respect

to her calculations which may become an issue at trial.

At this time, I cannot know what Dr. Pacey's testimony will be at trial.  If she

testifies to those "other [employment] opportunities" as facts she relied upon in forming

her opinions, then fairness dictates that defendant should be permitted to rebut that

reliance and those opinions.

Finally, and specifically applying the *Koch* factors, I further find that plaintiff is

probably surprised by the addition of Mr. Renfro to defendants' witness list after I

denied defendants' motion to compel an independent  vocational examination with him

and plaintiff is probably prejudiced by the endorsement of Mr. Renfro; there is time

before trial, however, to allow Renfro's deposition to be taken, if plaintiff has not

already done so, to cure any prejudice to plaintiff; there should not be any disruption to

the orderly and efficient trial of the case by inclusion of the Renfro testimony, which is

limited to rebuttal of Dr. Pacey; and I do not find any bad faith on the part of counsel.

04-cv-02028-PSF-PAC
November 16, 2005

Because the factors weigh in favor of keeping Mr. Renfro as a witness for

defendants and because of the possibility that defendants will need to rebut Dr. Pacey

if she testifies that she relied upon the potential of other employment opportunities in

forming her opinions about plaintiff's economic losses, I will deny plaintiff's motion to

strike without prejudice.[1]

IV.

Accordingly, for the reasons stated, it is

ORDERED that Plaintiff's Motion to Strike, Doc. # 135, filed  November 1, 2005

is denied without prejudice.  It is further

ORDERED that if plaintiff has not taken Mr. Renfro's deposition, discovery is

reopened for 30 days to allow plaintiff to do so.  It is further

ORDERED that the part of my April 29, 2005 Order denying Defendants'

Unopposed Motion to Extend Rebuttal Expert Disclosure Deadline directed only to Mr.

Renfro [filed April 1. 2005] is vacated and said motion is now denied as moot.

Dated November 16, 2005.

By the Court:
s/Patricia A. Coan
Patricia A. Coan
United States Magistrate Judge

---

[1]  I decline to rule on Mr. Renfro's qualifications or other Rule 702 Fed.R. Evid. issues
defendants raised because plaintiff did not base his motion to strike on Rule 702 considerations and
because such issues are in any event, the province of the trial judge.  Plaintiff may choose to file a
further motion or otherwise object to Mr. Rentfro's testimony at trial.