IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   04-cv-02028-PSF-PAC

MARK EVERS,

     Plaintiff(s),

v.

THE REGENTS OF THE UNIVERSITY OF COLORADO,
GEORGIA LESH-LAURIE; and
W. JAMES SMITH,

     Defendant(s).

_____

**ORDER** re: Rule 32(a)(2) Witnesses
_____

**Order Entered by Magistrate Judge Patricia A. Coan**

     This is an employment case in which plaintiff primarily claims violation of his First Amendment rights and wrongful termination.  An October 7, 2004 Order of Reference referred pretrial case management to the undersigned.  The Final Pretrial Order has entered, *see* Doc. #140, and the case is set for trial to begin January 30, 2006.  Now before the court is Defendants' Motion to Strike Deposition Testimony of University Witnesses Offered Pursuant to Fed. R. Civ.P 32(a)(2), Doc # 151, filed November 16, 2005.  A response and a reply also have been filed.  Oral argument would not be of material assistance.

I.

     Plaintiff has identified seven defendant University personnel as trial witnesses

04-cv-02028-PSF-PAC
December 23, 2005

by deposition under Rule 32(a)(2).  *See* Pretrial Order, Doc. #140 at 8, §6(a)(3).

Defendants object, arguing that none of the witnesses listed in that section is a

"managing agent" within the meaning of Rule 32(a)(2), so that trial testimony by

deposition should not be permitted.

II.

The Tenth Circuit has noted that deposition testimony is "normally inadmissible

hearsay" but that Fed.R.Civ.P. Rule 32(a) creates an exception to the hearsay rules.

*Angelo v. Armstrong World Indus., Inc.*, 11 F.3d 957, 962-63 (10th Cir.1993).

Fed. R. Civ.P. 32 provides that: "[t]he deposition of a witness, whether or not a

party, may be used by any party for any purpose if the court finds: ... upon application

and notice, that such exceptional circumstances exist as to make it desirable, in the

interest of justice and with due regard to the importance of presenting the testimony of

witnesses orally in open court, to allow the deposition to be used."  Fed.R.Civ.P. Rule

32(a)(3)(E).

Rule 32(a)(2), Fed. R. Civ.P. further provides that "[t]he deposition of a party or

of *anyone who at the time of taking the deposition[1]* was an officer, director, or *managing*

---

[1] In *King & King Enterprises v. Chaplain Petroleum*, 657 F.2d 1147, 1163 (10th Cir 1981) the court noted that the policy reasons for requiring that an agent must have been an agent at the time his deposition was taken were taken from  4A, J. Moore's Federal Practice, § 32.4, p. 32-18 (1981) as follows: 1) If the agent had ceased to be an agent of the party at the time of the deposition, he may have been hostile toward the party at that time, and thus it would be unfair to allow his testimony to be used as an admission against the party; and 2) at the time of the deposition the non-agent did not represent the party, and thus could not bind the party.

2

04-cv-02028-PSF-PAC
December 23, 2005

*agent*, or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a public or private corporation, partnership or association or governmental agency which is a party may be used by an adverse party for any purpose." (emphasis supplied)  The burden is on the party proffering the testimony to provide a sufficient factual basis to show that the deponent qualifies as a "managing agent."   *Young & Associates Public Relations, L.L.C. v. Delta  Airlines, Inc.*,  216 F.R.D. 521, 524 (D.Utah 2003)[2](citing *Crimm v. Missouri P.R. Co.*, 750 F.2d 703, 708-09 (8th Cir.1984)).

While the Tenth Circuit has not expressly established the criteria for determining whether a person is a managing agent under Rule 32(a)(2) in a published decision, a District of Utah court  incorporated an unpublished Tenth Circuit decision and set forth the following factors: "(1) whether the agent's interests are identified with those of the principal; (2) the nature and extent of the agent's functions, responsibilities and duties; (3) the extent of the agent's power to exercise judgment and discretion; and (4) whether any person or persons higher in authority than deponent were in charge of the particular matter or possessed all of the necessary information sought in the deposition." *Young*, 216 F.R.D. at 523.

### III.

Defendants rely upon the preceding *Young* test, arguing that, with the limited

---

[2]This case was cited by defendants as a Tenth Circuit opinion.

3

04-cv-02028-PSF-PAC
December 23, 2005

exception of Everett and the 2002 audit involving plaintiff, all of the listed witnesses are not managing agents within the meaning of Rule 32(a)(2). In response, plaintiff argues that a slightly different test should be used.  Plaintiff prefers an evaluation of "the witness's knowledge of relevant facts and the status of the witness as a person other than a common employee, that is, with at least a consciousness of the problems of management and an incentive to promote the interests of management; the [crucial] test is whether the witness can be expected to identify himself with the interests of his principal rather than those of the other party." *Independent Productions Corp. v. Loew's, Inc.*, 24 F.R.D. 19, 25 (S.D. N.Y. 1959).  Plaintiff also suggests that the managing agent classification should extend to those persons who are no longer employed by the principal, relying upon *Founding Church of Scientology of Washington, D.C. v. Webster*, 802 F.2d 1448, 1456 (D.C. Cir. 1986)(internal citations omitted)("[c]ourts have accorded managing agent status to individuals who no longer exercised authority over the actions in question (and even to individuals who no longer held any position of authority in a corporation), so long as those individuals retained some role in the corporation or at least maintained interests consonant with rather than adverse to its interests.")

I find the *Young* case to be factually and legally closer to the facts here but also find that plaintiff's *Independent Productions* test is similar to *Young's* in that both cases

4

04-cv-02028-PSF-PAC
December 23, 2005

require the agent's interests to be identified with those of the principal.[3]  I will apply that test to each of the listed witnesses.[4]

### Mark Heckler

Heckler was University Provost and Vice-Chancellor for Academic Affairs when he was deposed.  Defs. Motion, Doc. # 151, Ex. A, Depo. at 4.  He is an agent of the University because of his oversight responsibilities for all academic and student programs and research at the University, *see* Pl. Resp., Ex. A, Depo at 4; those responsibilities clearly align him with the interests of the University and require the exercise of his judgment and discretion, thus meeting elements one, two and three of the *Young* test.  There is no evidence, moreover, that someone in a position *higher* than Heckler's was responsible for overseeing plaintiff's job performance or was responsible for plaintiff's termination so that *Young*'s element four is also met.  Whether or not Heckler was plaintiff's supervisor and had first hand knowledge of plaintiff's job performance is only of minor importance because the primary test of the agent's

---

[3] Plaintiff's reliance on *Church of Scientology*, 802 F.2d 1448, can be, however, easily distinguished on its facts.  That case concerned a religious leader who was no longer head of the organization but whom the organization still consulted; because of those unusual circumstances, that person was found to be a managing agent under Rule 32(a)(2).  Here, in contrast, plaintiff has not pointed to any evidence to show that any of the witnesses at issue are consulted by the University even if they are no longer employed by the University.

[4] Since it is the province of the trial judge to decide whether evidence is admitted, I limit my analysis and ruling to whether each of the listed witnesses is a "managing agent" for purposes of designation as a Rule 32(a)(2) witness only.

04-cv-02028-PSF-PAC
December 23, 2005

alignment with the principal has been met.  Heckler should be considered a "managing agent" for purposes of Rule 32(a)(2).

### Kenneth Tagawa

I find from his deposition and the argument presented that Tagawa was not employed by the University at the time of his deposition *See* Defs. Motion, Doc. #151, Ex. B. at Depo. at 6, and therefore, pursuant to the plain language of Rule 32(a)(2), Tagawa was not a managing agent for purposes of Rule 32(a)(2).  *See* Rule 32(a)(2), Fed.R. Civ.P.; *King*, 657 F.2d at 1163 (Rule 32 specifies that insofar as the rule applies to agents, the agent must have been an agent at the time the deposition was taken).  For the same reasons, the second element of the *Young* test also has not been met.  Tagawa is not to be considered a "managing agent" for purposes of Rule 32(a)(2).

### Mary Lou Fenili

Fenili was listed in a phone directory as Assistant Vice Chancellor for Academic Affairs.  *See* Pl. Resp., Ex. C.  Plaintiff contended, but did not provide any deposition excerpts or other competent evidence to support counsel's contentions that Fenili was Assistant Vice Chancellor for Academic Affairs; was deposed before she retired from the University; what duties and responsibilities she had; or any information to demonstrate that her interests were aligned with the University's.  Plaintiff therefore has failed to carry his burden of providing a sufficient factual basis to show that Fenili

04-cv-02028-PSF-PAC
December 23, 2005

qualifies as a "managing agent."  See *Young*, 216 F.R.D. at 524.

### Margaret Cozzens

At the time of her deposition on August 25, 2005, Ms. Cozzens was President and CEO of the Colorado Institute of Technoloy, *see* Defs. Motion, Ex. C., Depo. at 5, and on a leave of absence from the University.  Because Cozzens was not affiliated with the University when she was deposed, the requirement of Rule 32(a)(2)- that the managing agent be an agent of the principal as of the date of the deposition- has not been met.  Cozzens will not be considered to be a managing agent for Rule 32(a)(2) purposes.

### Jean Stewart

Stewart was director of internal audit at the time she was deposed, *see* Defs. Motion, Ex. D., Depo. at 6; she therefore is  an agent of the University at least concerning the 2002 internal audit involving plaintiff.  Further, as a department director, Stewart's interests were aligned with the University's and her position requires the exercise of her judgment and discretion, thus meeting elements one, two and three of the *Young* test.  There is no evidence that someone in a position *higher* than Stewart's was responsible for overseeing plaintiff's job performance or was responsible for plaintiff's termination so that element four is also met.  Stewart should be considered a "managing agent" for purposes of Rule 32(a)(2).

04-cv-02028-PSF-PAC
December 23, 2005

**Mark Gelernter**

Plaintiff provided no factual information and no argument to rebut defendants' motion as it related to Gelernter.  Accordingly, plaintiff has confessed defendants' motion with respect to Gelernter.  Gelernter is not a managing agent under Rule 32(a)(2)

**Jana Everett**.

Defendants acknowledge that Everett was chair of the University's Political Science department when she was deposed.  According to plaintiff, Everett evaluated plaintiff on one occasion, which demonstrates supervisory or managerial duties.  As a supervisor or manager, Everett was not a "common employee"; her duties required the exercise of judgment and discretion and her interests were therefore aligned with the University's, meeting the first three elements of the *Young* test.   There is no evidence that someone in a position *higher* than Everett's was responsible for overseeing plaintiff's job performance or was responsible for plaintiff's termination so that element four of *Young* is also met.  Everett should be considered a "managing agent" for purposes of Rule 32(a)(2).

IV.

For the reasons stated, it is hereby

**ORDERED** that Doc # 151, Defendants' Motion to Strike Deposition Testimony

04-cv-02028-PSF-PAC
December 23, 2005

of University Witnesses Offered Pursuant to Fed. R. Civ.P 32(a)(2), filed November 16, 2005 is **granted in part** and **denied in part**.  It is further

**ORDERED** that witnesses Heckler, Stewart and Everett are to be considered managing agents for purposes of Rule 32(a)(2).  I specifically do not rule on, nor make any recommendation about whether any of Heckler, Stewart or Everett's deposition testimony is admissible at trial.  It is further

**ORDERED** that witnesses Tagawa, Fenili, Cozzens and Gelernter are not "managing agents" for purposes of Rule 32(a)(2) and their names are **stricken** from the Final Pretrial Order, Doc. # 140, at 8, §6.a.(3)(plaintiff's witnesses who may testify by means of deposition under Rule 32(a)(2)).

Dated December 23, 2005.

                By the Court:

                s/Patricia A. Coan
                Patricia A. Coan
                United States Magistrate Judge