IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Case No. 04-cv-02028-MSK-KLM

MARK EVERS,

    Plaintiff,

v.

REGENTS OF THE UNIVERSITY OF COLORADO, and
ROY WILSON, M.D., in his official capacity,

    Defendants.

---

**OPINION AND ORDER DEEMING JURY DEMANDS WITHDRAWN, DENYING MOTIONS *IN LIMINE*, GRANTING MOTION TO AMEND WITNESS LIST, AND APPROVING FINAL PRETRIAL ORDER**

---

**THIS MATTER** comes before the Court pursuant to the Defendants' Motion to Request Bench Trial **(# 224)**, and the Plaintiff's response **(# 228)**; the Defendants' Motion *In Limine* and Request for *Daubert* Hearing **(# 229)**, the Plaintiff's response **(# 234)**, and the Defendants' reply **(# 238)**; and the Defendants' Motion to Modify the Witness List **(# 241)** submitted in conjunction with the parties' Pretrial Order, the Plaintiff's response **(# 243)**, and the Defendants' reply **(# 247)**.

The Court assumes the reader's familiarity with the claims asserted and the proceedings to date.

Pursuant to the discussion at the Pretrial Conference **(# 222)**, the Defendants have indicated that they believe a bench trial is appropriate, as only equitable relief remains available in this case. The Plaintiff response indicates his agreement. Accordingly, the Court will deem

1

the Defendants' Motion to Request Bench Trial and the Plaintiff's response as waivers of each party's jury demand. The trial is currently set for October 6, 2008, and will be conducted as a bench trial.

The Defendants' Motion *In Limine* **(# 229)** contains three distinct requests for relief. First, the Defendants seek to exclude evidence regarding the financial condition of the College of Liberal Arts and Sciences at the time of the events herein. The Defendants contend that such evidence is irrelevant to the Plaintiff's liberty interest claim, and barred by Fed. R. Evid. 401 and 403. Second, the Defendants challenge the foundation of the opinions to be offered by the Plaintiff's economic expert, Patricia Pacey, and seek a "*Daubert* hearing" with regards to Ms. Pacey's opinions. Third, the Defendants move to exclude Ms. Pacey's proffered testimony regarding the Plaintiff's wage loss is irrelevant, as the law of the case restricts the Plaintiff to prospective relief only.

As to the first and third arguments raised by the Defendants – that is, those arguments seeking to exclude evidence of the College's financial condition and Ms. Pacey's wage loss testimony – the Court finds that disputes as to the relevance of certain evidence is especially ill-suited to resolution on a motion *in limine*. Among other things, the precise content of the evidence sought to be excluded and the particular context in which that evidence will be presented are usually unclear so far in advance of the trial. Moreover, the Court notes that the parties have now agreed to a bench trial, and thus, there no prejudice will result if proffered evidence is later excluded as irrelevant. Accordingly, in these respects, the motion is denied without prejudice.

As to the Defendants' challenge to Ms. Pacey's opinions, this challenge arises not under

*Dabuert*, but under Fed. R. Evid. 702. This Court has a special procedure to be used in making motions under Rule 702, including the format such a motion must take and an indication that such motions are only resolved incident to an evidentiary hearing.[1] The Court will grant the parties 10 days from the date of this Order to file a Rule 702 motion that comports with the Court's procedures. Upon submission of a compliant motion, the Court will contact the parties to schedule a Rule 702 hearing.[2] Accordingly, this portion of the Defendants' motion *in limine* is denied without prejudice.

Finally, the Defendants move to amend **(# 241)** the parties' witness list. The Defendants contend that, upon the submission of amended witness and exhibit lists by the Plaintiff in February 2008, the Defendants determined that three additional witnesses would be necessary to respond to newly-identified exhibits. In response, the Plaintiff indicates that he does not oppose the amendment with regard to two of the three listed witnesses, but contends that the Defendants have failed to make adequate Fed. R. Civ. P. 26 disclosures with regard to the third witness, Milagros Cortez. The Plaintiff contends, without particular elaboration, that the late identification of Ms. Cortez will cause "prejudice [in the Plaintiff's] preparation for trial." The Plaintiff apparently does not dispute the Defendants' representation that the need for Ms.

---

[1] See http://internet.usdc10.dcn/Documents/Judges/MSK/msk_702procedures.pdf

[2] In the alternative, and in the interest of avoiding unnecessary expenditure of time and money, the parties may file a Joint Rule 702 motion in accordance with the Court's procedures, but indicate that the parties agree to reserve the evidentiary hearing portion of the determination until Ms. Pacey testifies at trial. Because this case is being tried to the Court, the Court can hear argument and evidence as to any Rule 702 challenges prior to receiving Ms. Pacey's substantive testimony, and either rule on the foundational challenges before hearing the remainder of the testimony or simply reserve ruling on the admissibility of Ms. Pacey's testimony until the final determination of the merits of the case.

Cortez's testimony became apparent only as a result of the Plaintiffs' February 2008 identification of additional exhibits.

The Court finds that the Defendants have shown good cause[3] to amend the witness list. Although Ms. Cortez was not identified as a witness at the beginning of this action, it is apparently undisputed that her testimony was not anticipated until the Plaintiff designated certain exhibits in February 2008. Accordingly, the Court finds that the Defendants' late designation of Ms. Cortez as a witness is excusable. To the extent that the Plaintiff claims that the late designation of Ms. Cortez is prejudicial, the Court finds that such prejudice can be adequately cured prior to trial by allowing the Plaintiff to depose Ms. Cortez. The Defendants shall make Ms. Cortez available to be deposed within 30 days of the date of this Order, or at such other time as the parties agree. With that condition, the Defendants' motion is granted.

For the foregoing reasons, the Court deems Defendants' Motion to Request Bench Trial **(# 224)** and the Plaintiff's response **(# 228)** as mutual withdrawals of each party's jury demand, and to the extent a Court order is necessary to effectuate such withdrawal, that order is **GRANTED**. The trial set for October 6, 2008 will be conducted as a bench trial. The Defendants' Motion *In Limine* and Request for *Daubert* Hearing **(# 229)** is **DENIED WITHOUT PREJUDICE** as set forth herein. The Defendants' Motion to Modify the Witness List **(# 241)** is **GRANTED** on the terms set forth herein. It appearing to the Court that no

---

[3] Fed. R. Civ. P. 16(e) provides that the Court can only modify a Final Pretrial Order "to prevent manifest injustice." The Court has reviewed the docket in this case and the transcript of the parties' Pretrial Conference, and has determined that no formal Pretrial Order has yet been entered in this case. Accordingly, the "manifest injustice" standard does not apply. Nevertheless, even assuming that the Court were required to find manifest injustice to permit amendment of the parties' witness list, the Court would so find based on the facts described above.

Pretrial Order was entered, the parties' Proposed Pretrial Order **(# 221)** is **APPROVED**, subject to the various amendments and modifications that have been authorized to date.

Dated this 23d day of July, 2008

**BY THE COURT:**

_____

Marcia S. Krieger
United States District Judge